**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| David Michael Soule,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>　　　　　Defendant.<br>_____ | No. CV07-1592-PHX-PGR (JCG)<br><br>**REPORT**<br>**& RECOMMENDATION** |

　　　　Plaintiff filed a *pro se* Civil Rights Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983 on August 17, 2007. (Doc. No. 1.) Plaintiff has been authorized to proceed *In Forma Pauperis,* and the court has directed monthly payments to be withdrawn from his prison account.

　　　　On September 28, 2007, the Court entered an order directing the Clerk of the Court to mail a service packet to the Plaintiff, due for return to the Court on October 18, 2007. (Doc. No. 6). The docket indicates that the Clerk of Court mailed the order and service packet accordingly. To date Plaintiff has failed to return a completed service packet, to obtain waiver of service or to complete service of the Summons and Complaint on Defendants in this case.

　　　　The order that was mailed to Plaintiff along with the service packet notified Plaintiff that failure to comply with every provision of the order would result in dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 6). The order contained provisions that required Plaintiff to return the service packet within 20 days of the date of filing of the order. Plaintiff was also notified that if he

failed to comply with the order, the United States Marshal would not provide service of process.

Plaintiff was further notified within the order that he must complete service of the Summons and Complaint on the Defendants within 120 days of the filing date of the complaint or within 60 days of the filing of the order, whichever was later. The order notified Plaintiff that failure to comply with either provision would result in dismissal of his case. More than 120 days have passed since Plaintiff filed his complaint, and to date service has not been completed.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to complete service of the Summons and Complaint on the Defendants within 120 days of the filing date of the complaint or within 60 days of the filing of the order constitutes failure to prosecute.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v.*

1  *Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

2  Here, the first, second, and third factors favor dismissal of this case. Plaintiff's
3  failure to serve Defendants, or to actively participate in this case, prevents the case
4  from proceeding in the foreseeable future. The fourth factor, as always, weighs
5  against dismissal. The fifth factor requires the Court to consider whether a less drastic
6  alternative is available.

7  The Court finds that only one less drastic sanction is realistically available.
8  Rule 41(b) provides that a dismissal for failure to prosecute operates as an
9  adjudication upon the merits "[u]nless the court in its order for dismissal otherwise
10 specifies." In the instant case, a dismissal with prejudice would be unnecessarily
11 harsh as the Complaint and this action can be dismissed without prejudice pursuant
12 to Rule 41(b) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

14 Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule
15 1.17(d)(2), Rules of Practice of the United States District Court, District of Arizona,
16 the Magistrate Judge recommends that Plaintiff's Complaint (Doc. No. 1) and this
17 action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the
18 Federal Rules of Civil Procedure for failure to prosecute.

19 Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections
20 within 10 days after being served with a copy of this Report and Recommendation.
21 If objections are not timely filed, they may be deemed waived. The parties are advised
22 that any objections filed are to be identified with the following case number:
23 **CV07-1592-PHX-PGR.**

24 DATED this 9th day of January, 2008.

Jennifer C. Guerin
United States Magistrate Judge

Page 3 of 3