SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Michael Soule, | No. CV 07-1592-PHX-PGR (JCG) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Magistrate Judge Guerin's Report and Recommendation is before the Court; it addresses Plaintiff's failure to prosecute this case and recommends dismissal. (Doc. #12.) Plaintiff moves for Motion for Clarification of Status. (Doc. #14.) The Court will adopt the Report and Recommendation and dismiss the case without prejudice.

**I.    Background**

Plaintiff David Michael Soule filed this *pro se* civil rights action on August 18, 2007, alleging that the Maricopa County Jail policy of restricting all incoming mail to "readable postcards" violated his First Amendment rights. (Doc. #1). On September 28, 2007, the Court ordered service on Arpaio, directed the Clerk of Court to send Plaintiff a service packet, and directed that Plaintiff complete and return the service packet within 20 days. (Doc. #6.) There is no evidence that Plaintiff did not receive the service packet or the Court's order, but, to date, Plaintiff has not returned a completed service packet, obtained waiver of service, or completed service of the Summons and Complaint in this case. Magistrate Judge Guerin's Report and Recommendation, dated January 9, 2008, recommends

1  dismissing the case, without prejudice, for failure to prosecute.

2       On February 13, 2007, Plaintiff filed a Notice of Change of Address and a Motion for
3  Clarification of Status. (Doc. ##13, 14.) In the motion, Plaintiff "apologizes to the Court for
4  his lapse in prosecuting his claims," asks at what point he is at and what action is required
5  next, and states that "many factor[s] placed Plaintiff at his present state, but he fully intends
6  to proceed forward if allowed." (Doc. #14 at 2.) The Court will construe this as an objection
7  to the Report and Recommendation as well as a request for the status of the case.

8  **II.     Failure to Prosecute**

9       First, the Court notes that Plaintiff's objections were filed well beyond the 10-day
10  period permitted for objections and that although Plaintiff filed a Notice of Change of
11  Address, there is nothing in the docket or Plaintiff's motion to suggest that he did not receive
12  the Report and Recommendation at his prior address. Nevertheless, because Plaintiff filed
13  an objection, the Court will review *de novo* the objected-to portions of the Report and
14  Recommendation. 28 U.S.C. § 636(b)(1); See United States v. Reyna-Tapia, 328 F.3d 1114,
15  1121 (9th Cir. 2003) (*en banc*); Fed. R. Civ. P. 72(b) ("[t]he district judge . . . shall make a
16  de novo determination . . . of any portion of the magistrate judge's disposition to which
17  specific written objection has been made").

18       As the Report and Recommendation notes, Plaintiff has the general duty to prosecute
19  this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27,
20  29 (9th Cir. 1978). Plaintiff's failure to return the service packets or to complete service of
21  process constitutes a failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure
22  provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any
23  order of court, a defendant may move for dismissal of an action." In Link v. Wabash
24  Railroad Company, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a
25  federal district court has the inherent power to dismiss a case *sua sponte* for failure to
26  prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure
27  appears to require a motion from a party. Moreover, in appropriate circumstances, the Court
28  may dismiss a complaint for failure to prosecute even without notice or a hearing. Id. at 633.

1 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, 2 the Court must weigh the following five factors: "(1) the public's interest in expeditious 3 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to 4 the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the 5 availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 6 1986). "The first two of these factors favor the imposition of sanctions in most cases, while 7 the fourth factor cuts against a default or dismissal sanction. Thus the key factors are 8 prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th 9 Cir. 1990).

10 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure 11 to serve Defendant prevents this case from proceeding in the future. Moreover, Plaintiff 12 offers no concrete explanation for his failure to return the service packet or to complete 13 service of process within 120 days of filing the Complaint. The fourth factor, as always, 14 weighs against dismissal. The fifth factor requires the Court to consider whether a less 15 drastic alternative is available.

16 The Court agrees with the Report and Recommendation that only one less drastic 17 sanction is realistically available. Rule 41(b) provides that a dismissal for failure to 18 prosecute operates as an adjudication upon the merits "[u]nless the court in its order for 19 dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with 20 prejudice would be unnecessarily harsh. The Complaint and this action therefore will be 21 dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

22 **IT IS ORDERED:**

23 (1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for 24 Clarification of Status (Doc. #14) and the Motion is **granted** only to the extent that this 25 Order advises Plaintiff of the status of this case and is **denied** in all other respects.

26 (2) The Report and Recommendation of Magistrate Judge Guerin (Doc. #12) is 27 **adopted**.

28

(3) This case is dismissed, without prejudice, for failure to prosecute, and the Clerk of Court must enter judgment accordingly.

DATED this 1st day of July, 2008.

Paul G. Rosenblatt
United States District Judge